**Brandon A. Sibley**
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

**Howard G. Brown**
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

**Melanie Jerusalem**
5130 Woodside Drive
Baton Rouge, LA 70808
Phone: 337-945-9008
jerusalemmelanie@yahoo.com

No. **23-30540**

# UNITED STATES COURT OF APPEALS

## FIFTH CIRCUIT

**HOWARD GARY BROWN, BRANDON SIBLEY, MELANIE JERUSALEM**

*Plaintiffs – Appellants,*

**-V.-**

**Shelly D. Dick, in both Individual & Official Administrative Capacity; William Brown, United States Marshall, in both Individual & Official capacity; Jeff B., United States Marshal, in both his Individual and & Official Capacity; Merrick Garland, U.S. Attorney General, In his official capacity; Ronald L. Davis, in his official capacity as Director, United States Marchal Service; Metropolitan Security Services, Incorporated, also known as Walden Security; Michael Attaway, in both Individual & Official capacity; Jeff Bowie, United States Marshal, in both his Individual & Official Capacity,**

*Defendants - Appellees*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA**

**CIVIL ACTION NO: 3:23-0024-SMH-CBW**

**APPELLANT'S OPPOSITION TO APPELLEES MOTION FOR EXTENSION OF TIME TO REPSOND TO APPELLANTS' MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW, Appellants, Howard Gary Brown, Brandon Sibley, and Melanie Jerusalem to move this Honorable Court to reject the request for more time, Doc. 57-1, filed by Counsel for Walden Security.

## I. INTRODUCTION

The Court requires 'Good Cause Shown' as to why more time is needed to answer Appellants' Motion, but Ms. Bloch takes nearly five **(5)** full pages to tell us, not that objective facts will be provided that contradict the Appellants, nor that the intimidation tactics have been voluntarily ceased, NO, it is simply to let us know that Mr. Kinard is busy. While Mr. Kinard may have a very busy schedule, so do the Plaintiffs, who continue to suffer irreparable harm each time they enter the MDOL for nearly four **(4)** YEARS now, in addition, they work full-time jobs, care for children, and still find the time to write, research, and articulate their cases, absent of any pay.

The exigent circumstances the Appellants have faced, are facing, and will continue to face within the MDOL are still ongoing as of 9/23/2023; as evidenced by Plaintiff Sibley's most recent visit to the MDOL Courthouse.

Justice, even slow, is sure; whereas, the Defense attorneys have known for five **(5)** months of the increased discrimination and intimidation tactics being implemented by employees of Walden, yet they have made no effort to end it.

> ***"He who can and does not forbid that which is done on his behalf, is deemed to have bidden it."***

There is no justification for the Walden Attorneys to be "caught off-guard," as a matter of fact, the attorneys have had the Appellants *Rule 52 Motion* in their hands since April and have seen similar motions filed in District Court. Walden Attorneys had ample opportunity to respond then but chose to remain silent as the Honorable Judge Maurice Hicks shielded them from consequence without justification given to Appellants via findings of facts and conclusions of law. Appellants waited nearly six **(6)** weeks for the arrival of the Record of Appeal needed to compose their *Motion for a Preliminary Injunction*, and now, Walden Attorneys ask this Honorable Court for what amounts to another 39 day extension, asking for the thirty (30) day extension to begin on the date of their approaching deadline rather than from the

filing of the motion; missing no opportunity to maximize the delay in proceedings

## II. EQUITABLE RELIEF

Equitable relief is distinguished from remedies for legal actions in that, instead of seeking merely monetary damages, the appellant is seeking that the court compels the defendant to perform a certain act or refrain from a certain act.

The Honorable Judge Maurice Hicks' refusal to grant the Plaintiffs sufficient findings of facts and conclusions of law have prejudiced the Appellants and caused further irreparable injury to the Appellants and others similarly situated.

*"The movant, under such circumstances, was clearly entitled to have a ruling from the trial judge, and since he did not grant the order his action in declining to do so was in all respects a 'refusal,' so as to satisfy the requirements of* ***Section 1292, 28 U.S.C.A****. We hold, therefore, that the failure of the trial judge to grant the temporary injunction constituted an 'interlocutory order of the district court * * * refusing * * * an injunction.' Such order is appealable."* **United States v. Lynd, 301 F.2d 818, 822 (5th Cir. 1962)**

Appellants have provided a thorough and succinct detailed record of the events within the MDOL that have transpired over the last 3.75 YEARS.

Attorneys for Walden Security know or reasonably should have known that the Appellants moved the lower court to produce the findings of facts and conclusions of law, twice, for a specific reason.

*"The defendants' next contention is that it would be entirely inappropriate for the court at this time, as they claim it would have been for the trial court at the end of plaintiff's testimony, to grant a temporary injunction, because the State has not filed its answer and has not put on its proof. This contention entirely overlooks the nature of a temporary injunction, which is a writ of the trial court, or, in this instance, of an appellate court, issued to protect the rights of any person moving for it upon his making a showing that he is entitled to it.* **United States v. Lynd, 301 F.2d 818, 823 (5th Cir. 1962)**

Attorneys for Walden Security had the opportunity to stop the discriminatory animi, release the "private memo" and present to this Court objective facts that their employees would no longer take part in executing unlawful edicts from members of the executive branch or

judiciary that directs their employees to violate the constitutionally secured rights of the Appellants, however, just the opposite occurred. Walden Security Agents doubled down and INCREASED the discrimination and intimidation tactics against the Appellants which the busy Mr. Kinard took the time, in an email, to implement some intimidation tactics of his own by threatening appellants with sanctions should we file our motion. Just two **(2)** days ago, Mr. Kinard expressed in an email to Appellant Brown that the motion was completely without merit, yet today it's the most complex issue facing his entire legal team which consists of at least four **(4)** lawyers of record and two **(2)** complete law firms. (Complete Email Chain Available Upon Request)

*We do not, and cannot, rule on the efficacy of any vaccine, the wisdom of the President's action, or even whether or not this action would, in fact, increase economy and efficiency in federal contracting. Today, we are asked, where Congress has not authorized the issuance of this mandate, whether the President may nonetheless exercise this power. We hold that he may not. Accordingly, we AFFIRM the district court's grant of an injunction.* **<u>Louisiana v. Biden, 55 F.4th 1017, 1035 (5th Cir. 2022)</u>**

Appellant, Brandon Sibley, has two Motions to deliver to the MDOL this week, whereas he will face, yet again, irreparable injury at the hands of Walden Security Agents while Mr. Kinard sits comfortably in his plush hotel in Texas on his client's tab.

*""We review a preliminary injunction for abuse of discretion, reviewing findings of fact for clear error and conclusions of law de novo." Tex. All. for Retired Ams. v. Scott, 28 F.4th 669, 671 (5th Cir. 2022) (citation omitted). To obtain the "extraordinary remedy" of a preliminary injunction, the movant must show he is likely to prevail on the merits and also "demonstrate a substantial threat of irreparable injury if the injunction is not granted; the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and the injunction will not disserve the public interest."* **Atchafalaya Basinkeeper v. U.S. Army Corps of Eng'rs, 894 F.3d 692, 696 (5th Cir. 2018) (citation omitted)**. ***Rest. L. Ctr. v. United States Dep't of Lab., 66 F.4th 593, 597 (5th Cir. 2023)***

*"Regardless, we have noted before that " '[t]here is generally no public interest in the perpetuation of unlawful agency action.' "* **State v. Biden, 10 F.4th 538, 560 (5th Cir. 2021) (quoting League of Women Voters of U.S. v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016)).** *And, as with the OSHA mandate, "any abstract 'harm' a stay might cause the Agency pales in comparison and importance to the harms the absence of a stay threatens to cause countless individuals and companies." BST Holdings, 17 F.4th at 618. The balance of harms and the public interest favors an injunction.*" **Louisiana v. Biden, 55 F.4th 1017, 1035 (5th Cir. 2022)**

## III. CONCLUSION

The equitable relief sought by the Appellants isn't some grand conspiracy of technical mumbo jumbo that needs a "Harvard" type lawyer to find all the technical deficiencies within the Motion, but rather is an "on the merits" case where the only good cause that could be shown from Counsel is objective facts that would rebut the Appellants documented facts on the record. Let us recount the number

of objective facts disputing Appellants claims placed on the record by Walden Attorneys to date…ZERO (0).

Respectfully

Submitted,

**s/Brandon A. Sibley**

17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

**s/Howard G. Brown**

1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

**s/Melanie Jerusalem**

5130 Woodside Drive
Baton Rouge, LA 70808
Phone: 337-945-9008
jerusalemmelanie@yahoo.com

**CERTIFICATE OF COMPLIANCE**

I, Howard Brown, undersigned, certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. 32(f), this document contains 1784 words, as determined by Microsoft Office Word 2019 word processing software.

2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in Century Schoolbook (14-point)

**Dated: September 28, 2023**

By: s/Howard Brown

Howard Brown**,** *Pro Se*
*1344 Lakeridge Drive*
*Baton Rouge, LA 70802*
*504-756-1987*
*hgarybrown@gmail.com*

**CERTIFICATE OF SERVICE**

I, Howard Brown, hereby certify that a copy of this motion was sent, via electronic service to

**AUSA Katherine Green**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

**Elizabeth Bailly Bloch**
4605 Bluebonnet Boulevard
Suite A
Baton Rouge, LA 70809

**AUSA Karen King**
800 Lafayette Street
Suite 2200
Lafayette, LA 70501

**Justin Furrow**
**Chambliss, Bahner & Stophel, P.C**.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

**Nathan Kinard**
**Chambliss, Bahner & Stophel, P.C**.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

**Christine S. Keenan**
**The Kullman Firm**
4605 Bluebonnet Blvd
Suite A
Baton Rouge, LA 80809

**US Attorney Chase Evan Zachary**
**U.S. Attorney's Office**
**Civil Division**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

**By:** s/Howard Brown

Howard Brown, *Pro Se*
*1344 Lakeridge Drive*
*Baton Rouge, LA 70802*
*504-756-1987*
*hgarybrown@gmail.com*