No. 23-30540

_____

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

Howard Gary Brown; Brandon Albert Sibley; Melanie Jerusalem,
*Plaintiffs – Appellants*

v.

Shelly D. Dick, in both Individual & Official Administrative Capacity;
William Brown, United States Marshal, in both Individual & Official
capacity; Jeff B., United States Marshal, in both his Individual and &
Official Capacity; Merrick Garland, U.S. Attorney General, In his
official capacity; Ronald L. Davis, in his official capacity as Director,
United States Marshal's Service; Metropolitan Security Services,
Incorporated, also known as Walden Security; Michael Attaway, in
both Individual & Official capacity; Jeff Bowie, United States
Marshal, in both his Individual & Official Capacity,
*Defendants – Appellees*

_____

Appeal from the United States District Court
for the Middle District of Louisiana
Civil Case No. 3:23-CV-24-SMH-CBW

_____

**RESPONSE IN OPPOSITION TO APPELLANTS' MOTION FOR
PRELIMINARY INJUNCTION BY APPELLEES WILLIAM
BROWN, MERRICK GARLAND, RONALD L. DAVIS, MICHAEL
ATTAWAY, AND JEFF BOWIE**

_____

RONALD C. GATHE, JR.
*United States Attorney*

*Additional Counsel Listed on Inside Cover*

CHASE E. ZACHARY
KATHERINE K. GREEN
*Assistant United States Attorneys*
United States Attorney's Office
Middle District of Louisiana
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
(225) 389-0443
chase.zachary@usdoj.gov
katherine.green@usdoj.gov

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Plaintiffs-Appellants**

   Howard Gary Brown

   Brandon Albert Sibley

   Melanie Jerusalem

2. **Defendants-Appellees**

   Chief U.S. District Judge Shelly D. Dick, Middle District of Louisiana

   U.S. Marshal William Brown

   U.S. Attorney General Merrick Garland

   Director Ronald L. Davis, U.S. Marshals Service

   Metropolitan Security Services, Inc. a/k/a Walden Security

   Supervisory Deputy U.S. Marshal Michael Attaway

   Deputy U.S. Marshal Jeff Bowie

   Jeff B., an unidentified Defendant-Appellee

3.    **Counsel for Defendants-Appellees**

Chase Evan Zachary, Assistant U.S. Attorney, Middle District of Louisiana

Katherine Krupa Green, Assistant U.S. Attorney, Middle District of Louisiana

U.S. Attorney's Office for the Middle District of Louisiana

Karen Julian King, Assistant U.S. Attorney, Western District of Louisiana

U.S. Attorney's Office for the Western District of Louisiana

Nathan Lee Kinard, Chambliss, Bahner & Stophel, P.C.

Elizabeth Bailly Bloch, Kullman Firm

Christine S. Keenan, Kullman Firm

Respectfully submitted this 30th day of September, 2023.

/s/ Chase E. Zachary
CHASE E. ZACHARY
Assistant United States Attorney

*Attorney of Record for Defendant-Appellees U.S. Marshal William Brown, in his official and individual capacities; Deputy U.S. Marshal Jeff Bowie, in his official and individual capacities; Supervisory Deputy U.S. Marshal Michael Attaway, in his official and individual capacities; U.S. Attorney General Merrick Garland, in his official capacity; and Director Ronald L. Davis of the United States Marshals Service, in his official capacity*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ......................................... i

TABLE OF CONTENTS .......................................................... iv

TABLE OF AUTHORITIES ...................................................... v

INTRODUCTION ................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

ARGUMENT ................................................................... 5

    I.  The Court Lacks Jurisdiction Over This Appeal. ........................ 5

    II. The Court Should Consider Dismissing
        This Appeal *Sua Sponte* ............................................... 12

CONCLUSION ................................................................ 14

CERTIFICATE OF SERVICE ................................................... 15

CERTIFICATE OF COMPLIANCE .............................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bey v. Prator,*
  No. 19-cv-1262, 2021 WL 3413316 (W.D. La. May 14, 2021) ..............12

*Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.,*
  704 F.3d 413 (5th Cir. 2013) .................................................9

*Empower Texans, Inc. v. Geren,*
  977 F.3d 367 (5th Cir. 2020) ..............................................12

*Ermuraki v. Renaud,*
  987 F.3d 384 (5th Cir. 2021) .................................................8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
  528 U.S. 167 (2000) ..............................................................10

*Giannakos v. M/V Bravo Trader,*
  762 F.2d 1295 (5th Cir. 1985) ...........................................13

*Lopez v. City of Houston,*
  617 F.3d 336 (5th Cir. 2010) ..............................................11

*Religion Found., Inc. v. Abbott,*
  58 F.4th 824 (5th Cir. 2023) ...............................................10

*Smith v. Barry,*
  502 U.S. 244 (1992) ...............................................................7

*Sossamon v. Lone Star State of Tex.,*
  560 F.3d 316 (5th Cir. 2009) ..............................................10

*Spell v. Edwards,*
  962 F.3d 175 (5th Cir. 2020) ..............................................11

*Swindol v. Aurora Flight Scis. Corp.*,
　805 F.3d 516 (5th Cir. 2015) ............................................................. 11

*Szanto v. Bank of New York*,
　No. 22-CV-1857 TWR (DEB), 2022 WL 17816281 (S.D. Cal. Dec. 13,
　2022) ................................................................................................... 12

*Trevino v. Iden*,
　79 F.4th 524 (5th Cir. 2023) .................................................................. 4

*United States v. Leal*,
　933 F.3d 426 (5th Cir. 2019) .................................................................. 8

*Whole Woman's Health v. Jackson*,
　13 F.4th 434 (5th Cir. 2021) .................................................................. 5

**Statutes**

28 U.S.C. § 1291 ........................................................................... 5, 6, 7, 13

28 U.S.C. § 1292(a)(1) .................................................................. 6, 7, 8, 13

**Rules**

5th Cir. R. 25.2.1 .................................................................................... 12

5th Cir. R. 42.2 ...................................................................................... 13

Fed. R. App. P. 3(c)(1)(B) ....................................................................... 7

Fed. R. App. P. 3(c)(5) ............................................................................. 7

Fed. R. App. P. 4(a)(4)(A)(ii) ................................................................... 7

Fed. R. App. P. 25(a)(2)(B)(ii) ............................................................... 12

Fed. R. App. P. 32(a)(5) ......................................................................... 16

Fed. R. Civ. P. 52(b) ................................................................................ 7

Fed. R. Civ. P. 54(a)....................................................................................6

**Other Authorities**

Ctrs. for Disease Control & Prevention, *End of the Federal COVID-19 Public Health Emergency (PHE) Dec*laration (updated Sept. 12, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last visited Sept. 29, 2023) .................................................11

The White House, *Bill Signed: H.J. Res. 7* (Apr. 10, 2023), https://www.whitehouse.gov/briefing-room/legislation/2023/04/10/bill-signed-h-j-res-7/(last visited Sept. 29, 2023) ......................................11

## INTRODUCTION

Although styled as a "Motion for Preliminary Injunction," Appellants apparently seek full merits relief, including "an Order granting Declaratory and Injunctive Relief to the Plaintiffs and those similarly situated who have faced invidious discriminatory animi via weaponized federal, state, and local governments conspiring with private entities to suspend the rule of law, and instituted class warfare via tyrannical despotism." Appellants' Mot., at 4. But there is no need for the Court to wade through the morass of Appellants' diatribe. There has not yet been any trial, findings of fact, conclusions of law, or—critically—final judgment by the district court in this case. To the contrary, there are still three (3) motions to dismiss pending before the district court. So the Court lacks jurisdiction over this interlocutory appeal. And to compound matters, Appellants' request to enjoin masking and vaccination requirements in the Middle District of Louisiana has been rendered moot by Chief Judge Shelly Dick's March 29, 2023 Administrative Order No. 2023-2, which rescinded those requirements. As a result, there is no injunctive relief for this Court to provide.

Appellants' motion should be denied.   Further, the Marshal Appellees[1] respectfully suggest that the Court dismiss this appeal *sua sponte*.

## FACTUAL AND PROCEDURAL BACKGROUND

The operative pleading in this matter is Appellants' *Amended Complaint*, filed on March 29, 2023.  ROA.293-403.  Therein, Appellants challenge administrative orders regarding masking and vaccination that the U.S. District Court for the Middle District of Louisiana implemented during the COVID-19 pandemic.   *See* ROA.311-14.   In particular, Appellants allege that "the court was effectively closed causing irreparable harm . . ." because Appellants were required either to provide proof of COVID-19 vaccination or to wear a mask to enter the courthouse.  ROA.319.  However, through Administrative Order No. 2023-2, issued on March 29, 2023, all such masking and vaccination requirements have been rescinded.  ROA.450-51.

---

[1] The term "Marshal Appellees" refers herein to U.S. Marshal William Brown, in his official and individual capacities; Deputy U.S. Marshal Jeff Bowie, in his official and individual capacities; Supervisory Deputy U.S. Marshal Michael Attaway, in his official and individual capacities; U.S. Attorney General Merrick Garland, in his official capacity; and Director Ronald L. Davis of the United States Marshals Service, in his official capacity.

Since commencing this action, Appellants have inundated the district court record with duplicative, procedurally improper filings, including stand-alone affidavits;[2] "objections" to the district court's orders;[3] motions for clarification;[4] motions "to include evidence";[5] and motions for findings of fact and conclusions of law[6]—even though there has been no trial, or even a trial setting, in this case. Relevant for purposes of this motion are the following:

- Appellees have filed three (3) motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and all of those motions remain pending before the district court. *See* ROA.616-32 (*Defendant Chief Judge Shelly D. Dick's Motion to Dismiss*); ROA.656-76 (*Motion to Dismiss by*

---

[2] *See* ROA.136-40 (affidavit of Melanie Jerusalem); ROA.142-46 (affidavit of Jennifer Miranda); ROA.164-69 (affidavit of Samantha Dolen-Cartwright); ROA.474-77 (affidavit of Tate David Prows).

[3] *See* ROA.128-30 (*Objection to Middle District of Louisiana Involvement*); ROA.605-06 (*Objection to Judge Hicks' Order (Doc. 38)*); ROA.607-09 (*Objection to Judge Hicks' Order (Doc. 37)*); ROA.926-32 (*Objection to Clarification Order (Doc. 88)*).

[4] *See* ROA.480-86 (*Motion for Clarification of Judges Order Doc. 34*).

[5] *See* ROA.131-35 (*Motion to Include Evidence*); ROA.634-50 (second *Motion to Include Evidence*).

[6] *See* ROA.487-592 (*Motion to Request Findings of Fact and Conclusions of Law*); ROA.933-77 (second *Motion to Request Findings of Fact and Conclusions of Law*).

3

*Defendant Metropolitan Security Services, Inc.*); ROA.680-704
(*The United States of America's Rule 12(b)(1), (6) Motion to
Dismiss Claims Against the Marshal Defendants*).  Each of those
motions raises threshold jurisdictional issues, including judicial
and qualified immunity against Appellants' claims.  *Cf. Trevino
v. Iden*, 79 F.4th 524, 530 (5th Cir. 2023) (observing that
"qualified immunity is a defense to both liability and the
obligation to stand trial or face the other burdens of litigation"
(citation and internal quotation marks omitted)).

- Appellants have thrice sought preliminary injunctive relief from
the district court, and all motions have been denied.  *See*
ROA.172-76 (first *Motion for Emergency Injunction*); ROA.414-
15 (denial of first motion); ROA.416-62 (second *Motion for
Preliminary Injunction*); ROA.478-79 (denial of second motion);
ROA.653-55 (third *Motion for Emergency Injunction*); ROA.677-
78 (denial of third motion).

- No Appellee has filed (or been required to file) an answer in this
case, no scheduling order has been issued, no discovery has
occurred, and no trial has been scheduled.

4

Nonetheless, Appellant Howard Brown filed a *Notice of Appeal* on August 8, 2023, ROA.979-80, after the district court denied Appellants' second *Motion to Request Findings of Fact and Conclusions of Law*, ROA.933-78 (motion and order).  Appellants Melanie Jerusalem and Brandon Sibley subsequently joined this appeal by filing an *Amended Notice of Appeal*, ROA.986-88.

After the Fifth Circuit Clerk of Court issued the briefing notice, Appellants filed this opposed motion for preliminary injunctive relief, which the Marshal Appellees construe as a motion for injunction pending appeal under Rule 8(a)(2) of the Federal Rules of Appellate Procedure. *Cf. Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021) (discussing the standard for granting an injunction pending appeal). Because the Court lacks jurisdiction, the motion should be denied.

## ARGUMENT

## I. The Court Lacks Jurisdiction Over This Appeal.

The Court need not reach the merits of Appellants' motion—or even of this appeal—because it lacks jurisdiction for two reasons.  First, the district court has never entered—and Appellants have not designated in their notice of appeal—a final, appealable order, depriving the Court of jurisdiction under 28 U.S.C. § 1291.  Second, even if the Court construes

this appeal under 28 U.S.C. § 1292(a)(1) as arising from the district
court's denials of Appellants' motions for preliminary or "emergency"
injunctions, Appellants' claims for injunctive relief are moot. Because
there is no further relief that the Court can provide at this time,
Appellants' motion should be denied.

To quote the district court: "this litigation is still in its early stages."
ROA.978. That court "has denied Plaintiffs' request for a preliminary
injunction," and "[m]otions to dismiss have been filed by three groups of
Defendants." *Id.* Those motions remain pending, and there has
otherwise been no judgment, as defined in Rule 54(a) of the Federal Rules
of Civil Procedure, that resolves any of Appellants' claims. So there is
also no basis for the Court to exercise jurisdiction over this appeal under
28 U.S.C. § 1291, which is narrowly limited to "appeals from all final
decisions of the district courts of the United States . . . ."

Appellants have also not identified any appealable order. In their
most recent *Amended Notice of Appeal*, Appellants specify that they
appeal "from the Judgment (Doc. 37 & 91) entered in this action . . . ."
ROA.987. But Record Document 37 in the district court is not a
judgment—it is the district court's interlocutory ruling on Appellants'

6

*Motion for Clarification of Judges Order Doc. 34.  See* ROA.593-94 (district court's order); ROA.480-86 (Appellants' motion).  The district court's Record Document 91 is likewise another interlocutory order denying Appellants' *Motion to Request Findings of Fact and Conclusions of Law.  See* ROA.978 (district court's order); ROA.933-77 (Appellants' motion).  Because Appellants do not designate any other final, appealable order in the district court record,[7] this Court lacks appellate jurisdiction under 28 U.S.C. § 1291.  *See* Fed. R. App. P. 3(c)(1)(B) (requiring that a notice of appeal "designate the judgment—or the appealable order—from which the appeal is taken"); *cf. also Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.").

The only other possible basis for jurisdiction is 28 U.S.C. § 1292(a)(1), which provides appellate jurisdiction over "[i]nterlocutory

---

[7] Rule 3(c)(5) now specifies that, in a civil case, "a notice of appeal encompasses the final judgment . . . if the order designates: (A) an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or (B) an order described in Rule 4(a)(4)(A)."  Here, there is no final judgment, so Rule 3(c)(5) is facially inapplicable.  But even with that issue aside, although Rule 4(a)(4)(A)(ii) refers to a motion "to amend or make additional factual findings under Rule 52(b)," Rule 52(b) of the Federal Rules of Civil Procedure also requires an "entry of judgment," which has never occurred in this matter.

orders of the district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . ." The problem for Appellants is that they did not appeal from any of the district court's orders denying injunctive relief. *Cf.* ROA.979-80 (Appellant Howard Brown's *Notice of Appeal*), ROA.986-88 (*Amended Notice of Appeal*). So the Court also lacks jurisdiction under 28 U.S.C. § 1292(a)(1). And without jurisdiction, the Court cannot accord Appellants any relief, requiring the denial of their motion. *See Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) ("Generally speaking, a court cannot assume that it has jurisdiction and proceed to resolve a case on the merits.").

Second, even if the Court construes this appeal under 28 U.S.C. § 1292(a)(1) based on the district court's denials of Appellants' requests for a preliminary injunction,[8] the Court still lacks jurisdiction for another reason: all claims for injunctive relief are now moot.

---

[8] *Cf. United States v. Leal*, 933 F.3d 426, 429 (5th Cir. 2019) (acknowledging that "pro se notices of appeal are liberally construed").

8

As stated in their *Amended Complaint*, Appellants challenge administrative orders entered by the district court during the COVID-19 pandemic that imposed certain vaccination and masking requirements on individuals entering the federal courthouse in Baton Rouge, Louisiana. *See* ROA.311-14. But on March 29, 2023, Chief Judge Shelly D. Dick issued Administrative Order No. 2023-2, Recission of Pandemic Masking Requirements, which clarified that "entrants to the Russell B. Long Federal Building and United States Courthouse and the U.S. Bankruptcy Court ('the Courthouses') are no longer required to wear a mask, regardless of vaccination status." ROA.450. As a result, there "can be no meaningful relief granted by an injunctive order" in this matter, rendering Appellants' claims moot. *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 426 (5th Cir. 2013).

Although Appellants cite to Administrative Order No. 2023-2 in their motion, Appellants' Mot., at 25 ¶ 53, they notably omit that order's rescission of masking and vaccination requirements. And their only other response to Appellees' suggestion of mootness is an oblique comment that "[v]oluntary cessation of the abrogation of the People's Constitutional Rights by way of administrative orders is not

9

enough . . . ." Appellants' Mot., at 14 ¶ 21.  To the extent that Appellants imply that the voluntary cessation exception to mootness applies, they are incorrect.

While it is true that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation and internal quotation marks omitted), this Court has recognized that governmental entities have a "'lighter burden' . . . in proving that the challenged conduct will not recur once the suit is dismissed as moot," *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023) (citation and internal quotation marks omitted).  Further, federal courts are "justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude . . . ." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009).  And here, Appellants have offered nothing other than their own speculation that the challenged masking and vaccination orders are likely to be reinstated.  But the President has terminated the national emergency

related to the COVID-19 pandemic,[9] and the Centers for Disease Control (CDC) has ended the COVID-19 public health emergency.[10]  While "no one knows what the future of COVID-19 holds," *Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020), this Court requires more than "merely a theoretical possibility" of recurrence to overcome a mootness challenge, *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) (citation and internal quotation marks omitted).

For these same reasons, there is no "reasonable expectation that the [plaintiffs] [will] be subject to the same action again," rendering the "capable of repetition, yet evading review" exception to mootness inapplicable.  *Spell*, 962 F.3d at 180 (alterations in original) (citation and internal quotation marks omitted).    The Court therefore lacks

---

[9] The White House, *Bill Signed: H.J. Res. 7* (Apr. 10, 2023), https://www.whitehouse.gov/briefing-room/legislation/2023/04/10/bill-signed-h-j-res-7/ (last visited Sept. 29, 2023).  To the extent necessary, the Marshal Appellees request that the Court take judicial notice of this information, which is contained on a federal government website. *Cf. Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518-19 (5th Cir. 2015) (taking judicial notice of public records on government websites).
[10] Ctrs. for Disease Control & Prevention, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration* (updated Sept. 12, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last visited Sept. 29, 2023).  The Marshal Appellees also request that the Court take judicial notice of this information.  *See supra* note 9.

jurisdiction to issue injunctive relief, meaning that Appellants' motion should be denied.[11]  *Cf. Empower Texans, Inc. v. Geren*, 977 F.3d 367, 369 (5th Cir. 2020) ("Whether a case or controversy remains live throughout litigation is a jurisdictional matter because federal courts have no authority to hear moot cases.").

## II.  The Court Should Consider Dismissing This Appeal *Sua Sponte.*

This Court has long recognized that "United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and

---

[11] Appellants' motion also mentions other purported "discriminatory animi" in the Middle District of Louisiana, including: (a) the lack of e-filing privileges for *pro se* filers; (b) the inability of the general public and *pro se* litigants to bring electronic devices into the courthouse; (c) the requirement of a state-issued identification or passport to enter the courthouse; (d) the use of metal detectors and x-rays at the courthouse; and (e) the prohibition on the carrying of firearms in the courthouse by members of the general public.  Appellants' Mot., at 30-31.  The only one of these issues mentioned in Appellants' *Amended Complaint* concerns e-filing.  ROA.316.  Regardless, "[c]ourts have held that government authorities may require visitors to a courthouse to comply with reasonable security screening measures, including passing through a metal detector or magnetometer."  *Bey v. Prator*, No. 19-cv-1262, 2021 WL 3413316, at *4 (W.D. La. May 14, 2021) (collecting cases).  Further, "electronic filing is a privilege," *Szanto v. Bank of New York*, No. 22-CV-1857 TWR (DEB), 2022 WL 17816281, at *1 (S.D. Cal. Dec. 13, 2022)— including in this court, Fed. R. App. P. 25(a)(2)(B)(ii); 5th Cir. R. 25.2.1.

to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Likewise, Fifth Circuit Rule 42.2 permits the Court to dismiss an appeal if "it appears to the court that the appeal is frivolous and entirely without merit . . . ." As discussed above, the district court has not yet entered a final, appealable order as required for appellate jurisdiction under 28 U.S.C. § 1291. And even if the Court construes this appeal under 28 U.S.C. § 1292(a)(1), Appellants' claims for injunctive relief are now moot.

The Marshal Appellees therefore respectfully suggest that the Court dismiss this appeal *sua sponte* for lack of jurisdiction.

## CONCLUSION

Appellants' motion should be denied, and this appeal should be dismissed *sua sponte* by the Court.

Respectfully submitted this 30th day of September, 2023.

RONALD C. GATHE, JR.
*United States Attorney*
*Middle District of Louisiana*

/s/ Chase E. Zachary
Chase E. Zachary, LBN 37366
Katherine K. Green, LBN 29886
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: chase.zachary@usdoj.gov
E-mail: katherine.green@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on September 30, 2023, the foregoing document was served electronically through the Court's electronic-filing system on all registered users. The following individuals were also served by U.S. mail:

| | | |
|---|---|---|
| Howard Gary Brown | Brandon Albert Sibley | Melanie Jerusalem |
| 1344 Lakeridge Drive | 17517 Cline Drive | 5130 Woodside Drive |
| Baton Rouge, LA 70802 | Maurepas, LA 70449 | Baton Rouge, LA 70808 |

Respectfully submitted this 30th day of September, 2023.

/s/ Chase E. Zachary
CHASE E. ZACHARY
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

I certify:

1.    This document complies with the type-volume limit of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because, excluding the parts of the document exempted by Rule 32(f) and 5th Cir. R. 32.1, this document contains 2,638 words, according to the count of Microsoft Word.

2.    This document complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and 5th Cir. R. 32.1 and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft© Word for Microsoft 365, Version 2302, in 14-point Century Schoolbook.

Respectfully submitted this 30th day of September, 2023.

/s/ Chase E. Zachary
CHASE E. ZACHARY
Assistant United States Attorney