**Brandon A. Sibley**
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

**Howard G. Brown**
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

**Melanie Jerusalem**
5130 Woodside Drive
Baton Rouge, LA 70808
Phone: 337-945-9008
jerusalemmelanie@yahoo.com

No. **23-30540**

# UNITED STATES COURT OF APPEALS

## FIFTH CIRCUIT

**HOWARD GARY BROWN, BRANDON SIBLEY, MELANIE JERUSALEM**

*Plaintiffs – Appellants,*

-V.-

Shelly D. Dick, in both Individual & Official Administrative Capacity; William Brown, United States Marshall, in both Individual & Official capacity; Jeff B., United States Marshal, in both his Individual and & Official Capacity; Merrick Garland, U.S. Attorney General, In his official capacity; Ronald L. Davis, in his official capacity as Director, United States Marchal Service; Metropolitan Security Services, Incorporated, also known as Walden Security; Michael Attaway, in both Individual & Official capacity; Jeff Bowie, United States Marshal, in both his Individual & Official Capacity,

*Defendants - Appellees*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

### CIVIL ACTION NO: 3:23-0024-SMH-CBW

**APPELLANT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

# JUDICIAL NOTICE

Allegations made in a pro se complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." **Haines v. Kerner, 404 U.S. 519, 520 (1972).** To hold a pro se plaintiff to strict compliance "would be inequitable" as courts would punish a pro se plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." **Perez v. United States, 312 F.3d 191, 194–95 (5th Cir. 2002).** To avoid such a result, "courts have adopted the rule that a pro se plaintiff's pleadings are liberally construed." Id. Even though pleadings by a pro se litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007))).**

## DENIAL OF RULE 52 MOTION IS THE LOGICAL FINAL JUDGMENT OF DENIED INJUNCTION

All Defendants have apparently incorporated a motion to dismiss within their response to Appellant's motion for an emergency injunction

2

claiming lack of jurisdiction for this appeal based on the fact that appellants did not appeal a final judgment or an order denying their preliminary injunctions.

All Defendants admit that this Court has jurisdiction to hear an appeal based on the denial of preliminary injunctions which is obviously and precisely what the Appellants intended to appeal.

While denial of the actual preliminary injunctions were documents 27, 34, & 58 the Appellants claim is that these orders were not complete without the inclusion of the findings of fact and conclusions of law that are REQUIRED by **FRCP Rule 52** for a District Judge to provide with such a denial.

**FRCP Rule 52(a)(2)** addresses the courts responsibility in denying an interlocutory injunction, and specifically states as follows:

> (2) *For an Interlocutory Injunction.* In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

**FRCP Rule 52(a)(2**) does not suggest or recommend that the Judge provide findings of fact and conclusions of law with such a denial or that the Judge has discretion in this matter, but it demands it;

3

thereby making Judge Hicks Orders (Docs. 27, 34, & 58) incomplete and was an abuse of discretion, yet another appealable issue.

The Appellants subsequently generously filed two **(2)** *Rule 52 Motions*, as a courtesy to Judge Hicks, asking the court to <u>complete</u> its order denying the preliminary injunctions which were documents 91 and 38. Admittedly, Appellants transcribed doc. 37 in place of doc. 38 in their notice of appeal.

It is no secret that the Appellants have faced discrimination from day one **(1)** of this lawsuit that includes everyone from the security at the door of the courthouse to the Judge presiding over their case, and Judge Hicks refusal to follow **FRCP** in his denial of Plaintiff's preliminary injunctions was confirmation of this fact and the natural final order denying Plaintiff's preliminary injunction.

The Appellants then appealed the final orders that logically brought to a conclusion the denial of the preliminary injunctions and confirmed the court's bias toward the Plaintiffs.

## CONCLUSION

There is but one reason that this response from the Appellants is necessary and that their notice of appeal is irregular in nature, and that

reason is: DISCRIMINATION and attempted subversion of the Rule of Law by ALL involved.

There is little doubt that ALL involved here know exactly the intention of the Appellants, especially after the reading of their current motion before the court; and these frivolously filed motions by the Appellees is nothing more than a cheap parlor trick to delay the proceedings and achieve what this Honorable Court has already denied the Appellees, and that is more time.

**WHEREFORE,** the Appellees ask this Honorable Court to recognize the logical reason for the irregular nature and structure of their notice of appeal and deny all Appellee's Motions to Dismiss and proceed to the ruling phase of Appellants' Preliminary Injunction.

Respectfully Submitted,

| **s/Brandon A. Sibley** | **s/Howard G. Brown** | **s/Melanie Jerusalem** |
|---|---|---|
| 17517 Cline Drive | 1344 Lakeridge Drive | 5130 Woodside Drive |
| Maurepas, LA 70449 | Baton Rouge, LA 70802 | Baton Rouge, LA 70808 |
| Phone: (225) 369-7806 | Phone: (504) 756-1987 | Phone: 337-945-9008 |
| Fax: (985) 238-3818 | Fax: (985) 238-3818 | jerusalemmelanie@yahoo.com |
| Bsibley97@gmail.com | hgarybrown@gmail.com | |

# CERTIFICATE OF COMPLIANCE

I, Howard Brown, undersigned, certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. 32(f), this document contains 1105 words, as determined by Microsoft Office Word 2019 word processing software.

2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in Century Schoolbook (14-point)

**Dated: October 10, 2023**

By:      s/Howard Brown
―――――――――――――――――
*Howard Brown, Pro Se*
*1344 Lakeridge Drive*
*Baton Rouge, LA 70802*
*504-756-1987*
*hgarybrown@gmail.com*

## CERTIFICATE OF SERVICE

I, Howard Brown, hereby certify that a copy of this motion was sent, via electronic service to

**AUSA Katherine Green**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

**Elizabeth Bailly Bloch**
4605 Bluebonnet Boulevard
Suite A
Baton Rouge, LA 70809

**AUSA Karen King**
800 Lafayette Street
Suite 2200
Lafayette, LA 70501

**Justin Furrow**
**Chambliss, Bahner &**
**Stophel, P.C**.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

**Nathan Kinard**
**Chambliss, Bahner &**
**Stophel, P.C**.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

**Christine S. Keenan**
**The Kullman Firm**
4605 Bluebonnet Blvd
Suite A
Baton Rouge, LA 80809

**US Attorney Chase Evan**
**Zachary**
**U.S. Attorney's Office**
**Civil Division**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

                        **By:**        s/Howard Brown
                        _____
                        Howard Brown**,** *Pro Se*
                        *1344 Lakeridge Drive*
                        *Baton Rouge, LA 70802*
                        *504-756-1987*
                        *hgarybrown@gmail.com*